DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Appellant,

v.

**JAN GROSSMAN,** as Personal Representative of the **ESTATE OF LAURA GROSSMAN**, deceased,
Appellee.

No. 4D13-3949

[July 11, 2018]

*ON REMAND FROM THE SUPREME COURT OF FLORIDA*

Appeal and cross appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 08-025828(19).

Eric L. Lundt, Gordon James III and Robert C. Weill of Sedgwick LLP, Fort Lauderdale, and Jason T. Burnette of Jones Day, Atlanta, Georgia, for appellant.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Scott P. Schlesinger and Jonathan R. Gdanski of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

This matter is before us on remand from the Supreme Court of Florida. In a decision rendered on January 4, 2017, we reversed the final judgment and remanded with instructions for the trial court to reduce the plaintiff's damages by the percentage of fault that the jury attributed to Mrs. Grossman based on our then-binding precedent in *R.J. Reynolds Tobacco Co. v. Schoeff*, 178 So. 3d 487, 488 (Fla. 4th DCA 2015). The Florida Supreme Court thereafter quashed our *Schoeff* decision and held that "the comparative fault statute does not apply to *Engle* progeny cases in which the jury finds for the plaintiff on the intentional tort claims." *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 304 (Fla. 2017). As a result, our decision in the instant case was also quashed. In accordance with the supreme court's mandate, we affirm the final judgment and remand for

reinstatement of the entire amount of damages found by the jury.

*Affirmed and remanded with instructions.*

CONNER, J., and MOYLE, PAUL O., Associate Judge, concur.

*     *     *